# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
ROSA REYES and FELIX MARTINEZ, individually and
on behalf of all others similarly situated

                        Plaintiff(s),

        -against-

BRONX PARK PHASE III PRESERVATION LLC; LICH
INVESTMENT GROUP; BELVERON PARTNERS;
CAMBER PROPERTY GROUP; CAMMEBY'S
INTERNATIONAL GROUP, INC., and RUBIN SCHRON

                     Defendant(s).
-------------------------------------------------------------------X

Index No.:
Date Filed:

**SUMMONS**

### To The Above Named Defendant(s):

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of venue is PLACE OF INCIDENT

      Plaintiff resides at 333 East 181st Street, Bronx, NY

Dated: New York, New York
       January 11, 2022

                           Yours, etc.,

                           *Robert Vilensky*

                           _____
                           Robert Vilensky
                           RONEMUS & VILENSKY
                           Attorneys for Plaintiff(s)
                           112 Madison Avenue, 2nd Floor
                           New York, New York 10016
                           (212) 779-7070

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
ROSA REYES AND FELIX MARTINEZ, , individually
and on behalf of all others similarly situated

                  Index No.:
                  Date Filed:

                   Plaintiff(s),

        -against-

                  **VERIFIED**
                  **COMPLAINT**

BRONX PARK PHASE III PRESERVATION LLC; LICH
INVESTMENT GROUP; BELVERON PARTNERS;
CAMBER PROPERTY GROUP; CAMMEBY'S
INTERNATIONAL GROUP, INC., and RUBIN SCHRON

                   Defendant(s).
------------------------------------------------------------------X

Plaintiffs, by their attorneys RONEMUS & VILENSKY, complaining of the defendants

herein, respectfully shows to the Court, and allege as follows:

## <u>GENERAL ALLEGATIONS</u>

1.      This court has jurisdiction over the subject matter of this action pursuant to CLPR

Section 901and the laws of the State of New York. Venue is proper as the underlying incident

occurred in Bronx County.

2.      Plaintiffs bring this action as a class action on behalf of themselves and all others

similarly situated.

3.      The class is all persons who reside in, and/or who were legally on the premises,

and/or suffered injuries on January 9, 2022 when a massive fire occurred at the premises known

as 333 East 181st Street Bronx, New York.

4.      The members of the class are so numerous that joinder of all members is impracticable.  While the exact number of the class members is unknown to the plaintiffs, plaintiffs are informed and believes that there are hundreds of people that were injured and affected by the fire.

5.      Plaintiffs claims are typical of the claims of the class because plaintiffs and all members of the class sustained personal injuries and property damage which arose out of the defendants negligent and wanton conduct.

6.      Plaintiffs are representative of the class and will fully and adequately protect the interests of all class members.

7.      Plaintiffs have retained counsel who are experienced in class action cases and are experienced fire litigation lawyers.  Plaintiffs have no interests which are contrary to or in conflict with those of the class they seek to represent.

8.      A class action would be superior to all other available methods for fair and efficient adjudication of this controversy.  The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications concerning the subject of the action.

9.      There are common questions of law and fact to the members of the class which predominate over any questions which may affect only individual members in that the defendants have acted on grounds generally applicable to the entire class.

10.     That on January 9, 2022 and at all times herein mentioned, defendant Bronx Phase III Preservation LLC, was a domestic business entity, duly formed and existing pursuant to New York State laws.

11.     That on January 9, 2022 and at all times herein mentioned, defendant Lich

Investment Group was a domestic business entity, duly formed and existing pursuant to New

York State laws.

12.     That on January 9, 2022 and at all times herein mentioned, defendant Belveron

Partners was a domestic business entity, duly formed and existing pursuant to New York State

laws.

13.     That on January 9, 2022 and at all times herein mentioned, defendant Camber

Property Group was a domestic business entity, duly formed and existing pursuant to New York

State laws.

14.     That on January 9, 2022 and at all times herein mentioned, defendant Cammeby's

International Group, Inc. was domestic business entity, duly formed and existing pursuant to

New York State laws.

15.     That this action falls within one or more of the exemptions set forth in CPLR

§1602.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT**
**BRONX PARK PHASE III PRESERVATION LLC**

16.     That on January 9, 2022 and at all times herein mentioned, a premises existed in

the County of Bronx, City and State of New York with the address of 333 East 181st Street,

Bronx, New York (herein referred to as the subject premises.)

17.     That on January 9, 2022, the subject premises was a large apartment building

containing many individual apartments.

Case 1:22-cv-00446-JPC   Document 1-1   Filed 01/18/22   Page 6 of 24

18.     That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Bronx Park Phase III Preservation LLC, hereinafter referred to as Bronx.

19.     That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Bronx.

20.     That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Bronx.

21.     That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Bronx.

22.     That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Bronx to maintain the subject premises in a reasonably safe condition.

23.     That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

24.     That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

25.     That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

26.     That at all times herein mentioned, and prior thereto, defendant Bronx installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

27.     That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

28.     On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

29.     That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

30.     The above mentioned occurrence and the results thereof were caused by the negligence of the defendant Bronx and/or said defendant's servants, agents, employees and/or licensees in the ownership, management, maintenance and control of the subject premises, in failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke detectors at the subject premises and within each apartment at the subject premises were functioning; failed to ensure that the fire escapes were in good working order; failed to provide adequate and lawful heat, allowed alarms to go off all the time, failed to have an intercom system throughout the premises, failed to have a sprinkler system, failed to ensure that the electric lines and systems at the subject premises were in good working order; and was otherwise negligent in the subject premises.

31.     That upon information and belief, defendant Bronx had actual notice of defective conditions at the subject premises which caused the fire prior to January 9, 2022.

32.     That no negligence on the part of the plaintiffs and all class members contributed to the occurrence alleged herein in any manner whatsoever.

33.     That because of the defendants' negligence, each individually named plaintiff and all class members were caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff and all class members have been caused to incur and

will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff and all class members were and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

34.    That because of the above stated fire and the negligence of the defendant Bronx herein, each individually named plaintiff and all class members were damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Bronx in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST <u>DEFENDANT LICH INVESTMENT GROUP</u>

35.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-34, together with the same force and effect as though same were more fully set forth at length herein.

36.    That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Lich Investment Group, hereinafter referred to as Lich.

37.    That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Lich.

38.    That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Lich.

39.    That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Lich.

40. That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Lich to maintain the subject premises in a reasonably safe condition.

41. That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

42. That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

43. That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

44. That at all times herein mentioned, and prior thereto, defendant Lich installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

45. That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

46. On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

47. That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

48. The above mentioned occurrence and the results thereof were caused by the negligence of the defendant Lich and/or said defendant's servants, agents, employees and/or licensees in the ownership, management, maintenance and control of the subject premises, in failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke

detectors at the subject premises and within each apartment at the subject premises were functioning; failed to provide adequate and lawful heat, allowed alarms to go off all the time; failed to have an intercom system throughout the premises; failed to have a sprinkler system; failed to ensure that the electric lines and systems at the subject premises were in good working order; and was otherwise negligent in the subject premises.

49.    That upon information and belief, defendant Lich had actual notice of defective conditions at the subject premises which caused the fire prior to January 9, 2022.

50.    That no negligence on the part of the plaintiffs and all class members contributed to the occurrence alleged herein in any manner whatsoever.

51.    That because of the defendants' negligence, each individually named plaintiff and all class members were caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff and all class members have been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff and all class members were and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

52.    That because of the above stated fire and the negligence of the defendant Lich herein, each individually named plaintiff and all class members were damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Lich in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## <u>DEFENDANT BELVERON PARTNERS</u>

53.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-52, together with the same force and effect as though same were more fully set forth at length herein.

54.     That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Belveron Group, hereinafter referred to as Belveron.

55.     That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Belveron

56.     That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Belveron.

57.     That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Belveron.

58.     That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Belveron to maintain the subject premises in a reasonably safe condition.

59.     That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

60.     That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

61.     That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

62.    That at all times herein mentioned, and prior thereto, defendant Belveron installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

63.    That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

64.    On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

65.    That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

66.    The above mentioned occurrence and the results thereof were caused by the negligence of the defendant Belveron and/or said defendant's servants, agents, employees and/or licensees in the ownership, management, maintenance and control of the subject premises; in failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke detectors at the subject premises and within each apartment at the subject premises were functioning; failed to provide adequate and lawful heat; allowed alarms to go off all the time; failed to have an intercom system throughout the premises; failed to have a sprinkler system; failed to ensure that the electric lines and systems at the subject premises were in good working order; and was otherwise negligent in the subject premises.

67.    That upon information and belief, defendant Belveron had actual notice of defective conditions at the subject premises which caused the fire prior to January 9, 2022.

68.    That no negligence on the part of the plaintiffs and all class members contributed to the occurrence alleged herein in any manner whatsoever.

69.     That because of the defendants' negligence, each individually named plaintiff and all class members were caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff and all class members have been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff and all class members were and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

70.     That because of the above stated fire and the negligence of the defendant Belveron herein, each individually named plaintiff and all class members were damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Belveron in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CAMBER PROPERTY GROUP

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-70, together with the same force and effect as though same were more fully set forth at length herein.

72.     That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Camber Property Group, hereinafter referred to as Camber.

73.     That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Camber.

74.    That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Camber.

75.    That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Camber.

76.    That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Camber to maintain the subject premises in a reasonably safe condition.

77.    That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

78.    That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

79.    That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

80.    That at all times herein mentioned, and prior thereto, defendant Camber installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

81.    That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

82.    On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

83.    That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

84.     The above mentioned occurrence and the results thereof were caused by the

negligence of the defendant Camber and/or said defendant's servants, agents, employees and/or

licensees in the ownership, management, maintenance and control of the subject premises; in

failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke

detectors at the subject premises and within each apartment at the subject premises were

functioning; failed to provide adequate and lawful heat; allowed alarms to go off all the time;

failed to have an intercom system throughout the premises; failed to have a sprinkler system;

failed to ensure that the electric lines and systems at the subject premises were in good working

order; and was otherwise negligent in the subject premises.

85.     That upon information and belief, defendant Camber had actual notice of

defective conditions at the subject premises which caused the fire prior to January 9, 2022.

86.     That no negligence on the part of the plaintiffs and all class members contributed

to the occurrence alleged herein in any manner whatsoever.

87.     That because of the defendants' negligence, each individually named plaintiff and

all class members were caused to sustain serious injuries and to have suffered pain, shock,

mental anguish; that these injuries and their effects will be permanent; and as a result of said

injuries each individually named plaintiff and all class members have been caused to incur and

will continue to incur expenses for medical care and attention; and, as a further result, each

individually named plaintiff and all class members were and will continue to be rendered unable

to perform their normal activities and duties and has sustained a resultant loss therefrom.

88.     That because of the above stated fire and the negligence of the defendant Camber

herein, each individually named plaintiff and all class members were damaged in an amount

exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of

the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Cam in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00 dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST <u>DEFENDANT CAMMEBY'S INTERNATIONAL GROUP, INC.</u>

89.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-88, together with the same force and effect as though same were more fully set forth at length herein.

90.     That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Cammeby's International Group, Inc., hereinafter referred to as Cammeby's.

91.      That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Cammeby's.

92.      That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Cammeby's.

93.     That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Cammeby's.

94.      That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Cammeby's to maintain the subject premises in a reasonably safe condition.

95.     That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

96.     That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

97.     That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

98.     That at all times herein mentioned, and prior thereto, defendant Cammeby's installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

99.     That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

100.    On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

101.    That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

102.    The above mentioned occurrence and the results thereof were caused by the negligence of the defendant Cammeby's and/or said defendant's servants, agents, employees and/or licensees in the ownership, management, maintenance and control of the subject premises; in failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke detectors at the subject premises and within each apartment at the subject premises were functioning; failed to provide adequate and lawful heat; allowed alarms to go off all the time; failed to have an intercom system throughout the premises; failed to have a sprinkler system; failed to ensure that the electric lines and systems at the subject premises were in good working order; and was otherwise negligent in the subject premises.

103.    That upon information and belief, defendant Cammeby's had actual notice of defective conditions at the subject premises which caused the fire prior to January 9, 2022.

104.    That no negligence on the part of the plaintiffs and all class members contributed to the occurrence alleged herein in any manner whatsoever.

105.    That because of the defendants' negligence, each individually named plaintiff and all class members were caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff and all class members have been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each individually named plaintiff and all class members were and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

106.    That because of the above stated fire and the negligence of the defendant Cammeby's herein, each individually named plaintiff and all class members were damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Cammeby's in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00 dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
## <u>DEFENDANT RUBIN SCHRON</u>

107.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-106, together with the same force and effect as though same were more fully set forth at length herein.

108.     That on January 9, 2022 and at all times herein mentioned, the subject premises was owned by defendant Rubin Schron.

109.      That on January 9, 2022 and at all times herein mentioned, the subject premises was maintained by defendant Rubin Schron.

110.      That on January 9, 2022 and at all times herein mentioned, the subject premises was controlled by defendant Rubin Schron.

111.     That on January 9, 2022 and at all times mentioned herein the subject premises was managed by defendant Rubin Schron.

112.     That on January 9, 2022 and at all times herein mentioned, it was the duty of defendant Camber to maintain the subject premises in a reasonably safe condition.

113.     That on January 9, 2022 a major fire occurred at the subject premises destroying the building and damaging all the individual apartments contained herein.

114.     That at all times herein mentioned, and prior thereto, each individual apartment within the subject premises was equipped with a front "steel door".

115.     That at all times herein mentioned, and prior thereto, each "steel door" within each individual apartment was affixed to the wall with a "steel hinge" and what is known as a "return".

116.     That at all times herein mentioned, and prior thereto, defendant Rubin Schron installed, repaired, maintained and/or serviced the "steel doors", "steel hinges" and "returns" at the subject premises.

117.     That at all times herein mentioned, and prior thereto, said subject premises had fire escapes attached to the building and had smoke detectors installed at the subject premises.

118.    On January 9, 2022 each individually named plaintiff herein and all class members were lawfully on the subject premises and owned property at the subject premises.

119.    That on January 9, 2022 each individually named plaintiff herein and all class members while lawfully at the subject premises, was caused to sustain severe and permanent personal injuries and/or property damage.

120.    The above mentioned occurrence and the results thereof were caused by the negligence of the defendant Rubin Schron and/or said defendant's servants, agents, employees and/or licensees in the ownership, management, maintenance and control of the subject premises; in failing to ensure that the front "steel doors" were self-closing; failed to ensure that the smoke detectors at the subject premises and within each apartment at the subject premises were functioning; failed to provide adequate and lawful heat; allowed alarms to go off all the time; failed to have an intercom system throughout the premises; failed to have a sprinkler system; failed to ensure that the electric lines and systems at the subject premises were in good working order; and was otherwise negligent in the subject premises.

121.    That upon information and belief, defendant Rubin Schron had actual notice of defective conditions at the subject premises which caused the fire prior to January 9, 2022.

122.    That no negligence on the part of the plaintiffs and all class members contributed to the occurrence alleged herein in any manner whatsoever.

123.    That because of the defendants' negligence, each individually named plaintiff and all class members were caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries each individually named plaintiff and all class members have been caused to incur and will continue to incur expenses for medical care and attention; and, as a further result, each

individually named plaintiff and all class members were and will continue to be rendered unable to perform their normal activities and duties and has sustained a resultant loss therefrom.

124.    That because of the above stated fire and the negligence of the defendant Rubin Schron herein, each individually named plaintiff and all class members were damaged in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of the subject matter herein, and each individually named plaintiff and all class members demand judgment against the defendant Cam in a sum in excess of all lower Courts having jurisdiction over the subject matter herein, together with the costs and disbursements of this action and not less than $1,000,000,000.00 dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST
## ALL DEFENDANTS

125.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-124, together with the same force and effect as though same were more fully set forth at length herein.

126.    That the plaintiffs herein and all class members had personal property, including but not limited to, clothes, televisions, computers, etc., at the subject premises that were destroyed by the fire herein.

127.    That by reason of the foregoing, the plaintiffs and all class members sustained property loss and property damage, and as a result thereof, have been damaged in a sum in excess of the jurisdictional limits of all lower courts and not less than $1,000,000,000.00.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST
## ALL DEFENDANTS

Case 1:22-cv-00446-JPC Document 1-1 Filed 01/18/22 Page 22 of 24

128.     Plaintiffs beg leave of Court to repeat, reiterate and reallege each and every allegation contained in paragraphs 1 – 127 herein as if the same had been more fully set forth at length.

129.      That by reason of the foregoing, the defendants, their agents, servants and employees breached the implied warranties of habitability and fitness for intended use.

130.     That as a result of the foregoing the plaintiffs and all class members have been damaged in the sum in a sum in excess of all lower Courts having jurisdiction over the subject matter herein and not less than $1,000,000,000.00.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST
## ALL DEFENDANTS

131.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1-130, together with the same force and effect as though same were more fully set forth at length herein.

132.     Plaintiffs Rosa Reyes and Felix Martinez are legally married and each maintains this cause of action for loss of services, society and alike and demands a sum in excess of all lower courts which would otherwise have jurisdiction over the subject matter and not less than $1,000,000,000.00.

WHEREFORE, Plaintiffs and all class members demand judgment on the first cause of action and the second cause of action and on the third cause of action and on the fourth cause of action and on the fifth cause of action and on the sixth cause of action and on the seventh cause of action and on the eighth cause of action and on the ninth cause of action against the defendants in an amount that exceeds the jurisdictional limits of all lower courts, all together with the costs and disbursements of this action and not less than $1,000,000,000.00 Further, each individually named plaintiff and all class members demand punitive damages against

defendants for their wanton and reckless conduct, in an amount that exceeds the jurisdictional

limits of all lower courts, all together with the costs and disbursements of this action and not less

than $2,000,000,000.00.

   Dated: New York, New York
       January 11, 2022.

             Yours, etc.,

             *Robert Vilensky*

             _____

             Robert Vilensky
             RONEMUS & VILENSKY
             Attorneys for Plaintiff(s)
             112 Madison Avenue, 2nd Floor
             New York, New York 10016
             (212) 779-7070

Case 1:22-cv-00446-JPC   Document 1-1   Filed 01/18/22   Page 24 of 24

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.  The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
January 11, 2022

*Robert Vilensky*

_____
Robert Vilensky